**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
E-Mail: John.Barber@lewisbrisbois.com
RACHEL L. ROMANELLO, SB# 262006
E-Mail: Rachel.Romanello@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800; Facsimile: 213.250.7900

Attorneys for Defendant
G4S SECURE SOLUTIONS (USA), INC.

UNITED STATES DISTRICT COURT

OF THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOANEL T. LUBIN,<br><br>Plaintiff,<br><br>vs.<br><br>G4S SECURE SOLUTIONS (USA), INC., a Florida Corporation; QUINTIN RIDLEY, an individual; and DOES 1 through 20, Inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b), AND 1446(b)(3) (DIVERSITY OF CITIZENSHIP)**<br><br>(Los Angeles Superior Court, Central District, Case No.: BC642007)<br><br>(Filed Concurrently with Civil Cover Sheet, Declaration of Brad Bigos, Declaration of Steven D. Muscatello, and Notice of Interested Parties.) |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant G4S SECURE SOLUTIONS (USA), INC. ("Defendant" or "G4S"), by and through its undersigned attorneys of record, hereby removes this action to this Court based upon the following:

## I. JURISDICTION AND VENUE

This Court has subject matter jurisdiction of this action under 28 U.S.C. §1332, and Defendant may remove this action to this Court in accordance with 28 U.S.C. §1441(a) and (b) because this is a civil action between citizens different states, and the amount in controversy

exceeds the sum of $75,000, exclusive of interest and costs. (*See* 28 U.S.C. sections 1332, 1441(a) and (b), and 1446(b)(3).)

Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendant is subject to personal jurisdiction in this judicial district and a substantial part of the events giving rise to this lawsuit occurred in the Central District of California.

## II. STATUS OF THE PLEADINGS

On November 28, 2016, Plaintiff filed a Summons and Complaint in the Los Angeles County Superior Court entitled *Joanel T. Lubin v. G4S Secure Solutions (USA), Inc. and Quintin Ridley* (the "Complaint"), Case No. BC642007 (the "Action") against Defendants G4S SECURE SOLUTIONS (USA), INC., a corporation based in Florida, and Quintin Ridley ("Ridley"), an individual. Plaintiff alleges Defendant terminated his employment based on his age in violation of California's Fair Employment and Housing Act ("FEHA"), which is codified in California Government Code section 12940 *et seq.* A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit "A."** (Declaration of Brad Bigos, herein referred to as "Bigos Decl.", ¶ 3.)

On March 13, 2007, Plaintiff filed a Proof of Service of Summons for service on Defendant. A true and accurate copy of the Proof of Service of Summons is attached hereto as **Exhibit "B."** (*Id.* at ¶ 4.)

On or about March 16, 2017, Plaintiff's counsel informed Defendant's counsel that Defendant Quintin Ridley had been served with the Summons and Complaint at his place of business. (*Id.* at ¶ 5.) On March 16, 2017, Defendant's counsel confirmed this information in an email to Plaintiff's counsel. (*Id.*) The following day, Defendant's counsel requested a copy of the Proof of Service for Ridley. (*Id.*) Plaintiff's counsel has not filed a Proof of Service for service on Ridley with the Court, and has not provided a copy to Defendant's counsel. (*Id.*) True and accurate copies of these emails are attached hereto as **Exhibit "C."** (*Id.*)

On March 17, 2017, the Plaintiff and Defendant filed separate Case Management Conference ("CMC") Statements. True and accurate copies of those CMC Statements are attached hereto as **Exhibits "D" and "E"**, respectively. (*Id.* at ¶¶ 6-7.)

On March 28, 2017, Plaintiff filed a Civil Deposit for Jury Fees. A true and accurate copy of the receipt for said deposit is attached hereto as **Exhibit "F."** (*Id.* at ¶ 8.)

On April 13, 2017, Defendant filed an Answer to Plaintiff's Complaint. A true and accurate copy of that Answer is attached hereto as **Exhibit "G."** (*Id.* at ¶ 9.)

On April 21, 2017, the Court entered a Dismissal of Plaintiff's Complaint as to Ridley. A true and accurate copy of that dismissal is attached hereto as **Exhibit "H."** (*Id.* at ¶ 10.)

## III. GROUNDS FOR REMOVAL

### A. Complete Diversity of Citizenship Exists

For purposes of diversity jurisdiction, a natural person's citizenship is determined by the state of his domicile. *Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090. Plaintiff is and has been, both upon the filing of the Complaint and the filing of this Notice, a resident and citizen of California. Plaintiff alleges that he "is an individual who resides in the County of Los Angeles and resided in the County of Los Angeles at all times relevant herein." (Complaint (Exhibit "A") at p. 1, lines 19-21.)

At the time Plaintiff's Complaint was filed and at the time of this Notice of Removal, Defendant was and is a resident and citizen of Florida. (*See* Declaration of Steven D. Muscatello, herein referred to as "Muscatello Decl.", ¶¶ 5-6.) Defendant is incorporated in the state of Florida. (Muscatello Decl. ¶ 4). In *Hertz Corp. v. Friend* (2010) 130 S.Ct. 1181, the United States Supreme Court eliminated any uncertainty as to the meaning of "principal place of business." Specifically, the principal place of business is the "nerve center" where the company's high level officers direct, control, and coordinate the company's activities. (*Id.* at 1184-1185.) Defendant's high level officers direct, control, and coordinate its operations from Jupiter, Florida. (Muscatello Decl. ¶ 6.) Therefore, for purposes of diversity of citizenship, Defendant is a resident and citizen of Florida with its principal place of business in Florida. As a result, Defendant is a resident and citizen of Florida for purposes of diversity of citizenship. Since Plaintiff and Defendant are not citizens or residents of the same state, removal of this action on the basis of complete diversity of citizenship is proper.

///

**B. The Amount in Controversy Exceeds $75,000**

Based on the nature and extent of Plaintiff's alleged injuries, as quoted above, Defendant believes that Plaintiff's damage claim exceeds $75,000. In his Complaint, Plaintiff demands judgment against Defendant for economic and general damages, punitive damages, pre-judgment interest, attorney's fees, and costs of suit. (Complaint at p. 4, line 27 – p. 5, line 11.) Plaintiff alleges that Defendant terminated him on or around February 16, 2015. (Complaint at p. 2, ¶ 10, line 24.) Even based on the California minimum wage, Plaintiff's claims for economic damages would exceed $75,000. In 2015, the minimum wage in California was $9.00 per hour. From the alleged date of his termination on February 16, 2016 through the end of the year his lost wages would equal $16,200 ($9.00/hour x 40 hours/week x 45 weeks).[1] In 2016, the minimum wage in California was $10.00 per hour, so Plaintiff's lost wages that year would equal $20,800 ($10.00/hour x 40 hours/week x 52 weeks).[2] In 2017, the minimum wage in California for employers with 26 or more employees is $10.50, so Plaintiff's lost wages this year would be $21,840 ($10.50/hour x 40 hours/week x 52 weeks).[3] Thus, assuming a trial date at the end of December 2017, the total lost wages for back pay from February 25, 2017 through the end of December 2017 would equal $58,840.

Plaintiff also seeks future wages. Assuming he seeks at least one year of future wages, that claim raises his economic damages in excess of $75,000. In 2018, the minimum wage in California will increase to $11.00 per hour for employees with 26 or more employees, so for 2018 Plaintiff's wages for front pay would equal $22,880 ($11.00/hour x 40 hours/week x 52 weeks).[4]

These amounts for back pay and front pay equal $81,720 ($58,840 + $22,880). Therefore, calculating these economic damages conservatively based only on the minimum wage in California for the periods in question, the amount in controversy would well exceed $75,000.

---

[1] *See* https://www.dir.ca.gov/iwc/MinimumWageHistory.htm (last visited May 11, 2017).

[2] *See id.*

[3] *See* https://www.dir.ca.gov/dlse/faq_minimumwage.htm (last visited May 11, 2017).

[4] *See id.*

Plaintiff also requests damages for emotional distress, special damages, punitive damages, and attorney's fees. (Complaint at pp. 3-4, ¶¶ 13-16.)

In *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 404, the court held that a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. In this case, considering Plaintiff's claims for lost and future wages plus interest, compensatory damages, punitive damages, and attorney's fees, it is facially apparent from the Complaint that the claims likely exceed $75,000.

**C. This Notice of Removal Is Timely**

On November 28, 2016, Plaintiff filed a Complaint in the California Superior Court against two defendants: (1) G4S; and (2) Ridley, who was a resident of California. At the time the initial Complaint was filed, this matter was not removable on the basis of diversity of jurisdiction because one of the parties in interest properly joined and served as a defendant, Ridley, was a citizen of California, in which State the action was brought. (See 28 U.S.C. § 1441(b)(2).)

On April 21, 2017, the Clerk of the California Superior Court dismissed the Complaint against Ridley, which left G4S as the only defendant. On that date, therefore, the circumstances first existed from which Defendant could ascertain that this case was removable. On April 27, 2017, Defendant's counsel first received notice of Superior Court's dismissal of the Complaint against Ridley by reviewing the Superior Court docket online. (Bigos Decl. ¶ 11.)

This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because Defendant has filed it within thirty days of the dismissal of the Complaint against Ridley, and within thirty days of receipt of a copy of the entry of the dismissal by the Superior Court. This Notice of Removal is also timely pursuant to 28 U.S.C. § 1446(c)(1) because Defendant has filed it within one year of the commencement of this action.

///

///

///

///

///

WHEREFORE, Defendant files this Notice of Removal of this action from the aforesaid Superior Court, in which it is now pending, to the United States District Court for the Central District of California, Western Division. A copy of this Notice has been served upon Plaintiff.

DATED: May 18, 2015

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: ______________________________
Rachel Romanello
Attorneys for Defendant
G4S SECURE SOLUTIONS (USA), INC.

**PROOF OF SERVICE**
*Joanel T. Lubin v. G4S Secure Solutions (USA) Inc.*
USDC Case No.: [PENDING]

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, 41st Floor, Los Angeles, California 90071.

On May 18, 2017, I served the following document(s):

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b), AND 1446(b)(3) (DIVERSITY OF CITIZENSHIP)**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA CIVIL CASE COVER SHEET**

**NOTICE OF INTERESTED PARTIES IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b), AND 1446(b)(3) (DIVERSITY OF CITIZENSHIP)**

**DEFENDANT G4S SECURE SOLUTIONS (USA), INC.'S CORPORATE DISCLOSURE STATEMENT**

**DECLARATION OF STEVEN D. MUSCATELLO IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b), AND 1446(b)(3) (DIVERSITY OF CITIZENSHIP)**

**DECLARATION OF BRAD BIGOS IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b), AND 1446(b)(3) (DIVERSITY OF CITIZENSHIP); EXHIBITS THERETO**

I served true and correct COPIES of the above-referenced document(s) on the following person(s) at the following address(es) (including fax numbers and e-mail addresses, if applicable):

Perfisity McGhee, Esq.
Attorney at Law
300 East Hillcrest Boulevard, #8040
Inglewood, CA  90308
Tel: (310) 646-4117
*Attorneys for Plaintiff*

The documents were served by the following means:

☒   (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

///

///

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

Executed on May 18, 2017, at Los Angeles, California.

*Kirk D. Gile-Creque*

KIRK D. GILE-CREQUE